# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY DAWN BAKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) Case No. CIV-11-1183-M<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | |

## REPORT & RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED.**

## PROCEDURAL HISTORY

Plaintiff's applications for DIB and SSI, alleging a disability beginning June 21, 2001, were denied on initial consideration and on reconsideration at the administrative level (TR. 17). An ALJ held a hearing *de novo* on March 10, 2009 (TR. 31-63). Plaintiff appeared with counsel and testified in support of the applications (TR. 35-62). The ALJ

issued his decision on June 30, 2009, finding that Plaintiff was not disabled (TR. 17-30). The Appeals Council denied Plaintiff's request for review on August 31, 2011, and thus the decision of the ALJ became the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20

C.F.R. §§404.1520; 416.920. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since June 21, 2001, the alleged onset date (TR. 19). At step two, the ALJ concluded that Plaintiff has the following severe impairments: obesity, history of migraine headaches; mild obstructive sleep apnea syndrome; and degenerative disc disease (TR. 19). At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments meet or equal the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 24). At step four, the ALJ first formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 20 CFR 416.967(c)

(TR. 30). The ALJ then determined that Plaintiff's RFC does not preclude her from performing her past relevant work (PRW) as a daycare worker and medical assistant (TR. 29).

## ISSUE PRESENTED

Plaintiff raises one issue on appeal: whether the ALJ erred in comparing and weighing the medical evidence of Plaintiff's mental impairments.

## ANALYSIS

### I. Severity of Mental Impairments

In addition to her physical limitations, Plaintiff asserts that depression and anxiety precludes her from working (TR. 449, 21). At step two of the sequential evaluation, however, the ALJ did not include depression or anxiety in the list of

conditions he deemed to be "severe" (TR. 19). A "severe impairment," within the meaning of the regulations, is an impairment that significantly limits an individual's ability to perform basic work activities. See 20 C.F.R. §§ 404.1520(c); 416.920(c). After a thorough discussion of the evidence regarding treatment of Plaintiff's depression and anxiety as well as consideration of the factors necessary to meet the listings for depression at 12.04 and anxiety at 12.06, the ALJ explained his rationale for finding that Plaintiff's depression and anxiety are not severe impairments:

> Considering the limited mental health treatment, and because the claimant's medically determinable mental impairments cause no more than "mild" limitations in any of the first three functional areas and "no" limitation in the fourth area, they are not "severe" [20 CFR 404.1520a(d)(1) and 416.920a(d)(1)]. These findings do not result in further limitations in work-related functions in the residual functional capacity assessment below

(TR. 24).

## II. Standard for Reviewing Medical Evidence and Opinions

The Tenth Circuit Court of Appeals has long recognized the proper analysis and assignment of weight to be given to the opinions of treating and non-treating sources. When considering the opinion of an "acceptable medical source" such as the claimant's treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. See Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Id. (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. §§ 404.1527(d)(2),

416.927(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for the weight afforded the opinion, and his reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required only if the ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source.  As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ ] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct inquiry. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the

treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id.* at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

### III.  The ALJ's Assignment of Weight to Opinions

Plaintiff contends that the ALJ erred in giving more weight to the opinion of a state agency psychologist, Dr. Burnard Pearce, than he gave to the opinion of her treating physician, Dr. Todd Krehbiel (See Plaintiff's Brief at pages 11-15).

Dr. Pearce reviewed the evidence in the record and determined that Plaintiff's depression and anxiety are not severe (TR. 462-475, 476-489). Dr. Pearce relied in part on the evaluation by consultative examiner, Dr. Gary A. France, Ph.D.  Dr. France examined Plaintiff at the request of the Agency.  Dr. France reported that the mental status examination revealed that Plaintiff has a good fund of information and long term memory.  He stated that she has good abstract thinking ability and good judgment. He also determined that Plaintiff's short term memory and concentration are good. Dr. France's diagnosis was possible episodic major depression (TR. 457-460).

The ALJ summarized Dr. Pearce's report as follows:

> Dr. Pearce noted the claimant was able to pay bills, prepare 3 meals a day for herself and her 3 children, and perform the cleaning, laundry, and shopping. Dr. Pearce noted the

> claimant denied ever having suicidal ideation, homicidal ideation, or visual/audio hallucinations. Dr. Pearce also noted the report of the consultative mental examiner who stated that the claimant has a good fund of information, good long term and short term memory, good judgment, and good abstract thinking abilities

(TR. 23). Dr. Cynthia Kampschaefer, PSYD, reviewed the evidence and concurred with Dr. Pearce's opinion. The ALJ gave these opinions "great weight" because the opinions were "consistent with the evidence of record" (TR. 23).

On May 23, 2006, Plaintiff's treating physician, Dr. Krehbiel wrote a note on a prescription pad: "Unable to work at this time due to exacerbation of major depression. Not able to participate in education/school activities at this time" (TR. 317). Plaintiff testified at the hearing that her doctor wrote the note to the DHS because Plaintiff could not get benefits unless she was going to school. Plaintiff further testified that the DHS made her apply for social security benefits at that time (TR. 45-46).

The ALJ correctly stated that Dr. Krehbiel's letter is not entitled to controlling weight because treating source opinions on issues reserved to the Commissioner, such as the ultimate conclusion that a claimant can or cannot work, are never entitled to controlling weight or special significance (TR. 23); see also SSR 96-5p. The ALJ recognized that Dr. Krehbiel's letter was "probative" but ultimately rejected the opinion, not only because the opinion was on an issue reserved for the Commissioner, but also because it was inconsistent with other evidence in the record (TR. 24).

In this case, the ALJ offered valid explanations for the weight he afforded the opinions of Plaintiff's treating physician and the state agency medical experts. This

7

Court is prohibited from reweighing the evidence in a social security case. Moreover, the decision of the ALJ is supported by substantial evidence in the record as a whole.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **November 15, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on October 29, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE